IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WAYNE MANEMANN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| NATHAN GARRETT, SHERIFF OF | § | |
| LLANO COUNTY, TEXAS; DONNIE | § | CIVIL ACTION NO. 1:10-CV-601-SS-RP |
| STEWART, LLANO JAIL | § | |
| ADMINISTRATOR; P.A. STEVEN | § | |
| ALEXANDER, | § | |
| | § | |
| Defendants. | § | |

## NATHAN GARRETT AND DONNIE STEWART'S ANSWER TO AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME Nathan Garrett and Donnie Stewart, Defendants in the above-entitled and numbered cause and, subject to and without waiving their previously filed Motion to Dismiss and Motion for Summary Judgment, file this their Answer to Plaintiff's Amended Complaint (the "Amended Complaint"), and in support thereof would respectfully show unto the Court the following:

### I. ADMISSIONS AND DENIALS

#### STATEMENT OF CLAIM

1. Defendants deny the allegations in paragraph 1 of the Amended Complaint.

2. Defendants deny the allegations in paragraph 2 of the Amended Complaint.

3. Defendants deny the allegations in paragraph 3 of the Amended Complaint.

#### JURISDICTION AND VENUE

4. Defendants deny that Plaintiff has asserted a valid claim involving federal question or civil rights and therefore deny the allegations in paragraph 4 of the Amended Complaint.

5. Defendants admit that venue for Plaintiff's claims is proper in this Court.

1

## PARTIES TO THE SUIT

6. Defendants admit that Plaintiff was a pre-trial detainee in Llano County Jail during the times referenced in Plaintiff's Amended Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Amended Complaint, and therefore, such allegations are denied.

7. Defendant Garrett admits that he was the Sheriff of Llano County during the times referenced in Plaintiff's Amended Complaint. Defendant Garrett admits that he is being sued in both his official and individual capacities. The remaining allegations in paragraph 7 of the Amended Complaint are denied by Defendant Garrett. Defendant Stewart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint, and therefore, such allegations are denied.

8. Defendant Stewart admits that he was an employee of Llano County and is the Jail Administrator. Defendant Stewart admits that he is being sued in both his official and individual capacities. The remaining allegations in paragraph 8 of the Amended Complaint are denied by Defendant Stewart. Defendant Garrett is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint, and therefore, such allegations are denied.

9. Defendants admit the allegations in the first sentence of paragraph 9 of the Amended Complaint. Defendants deny the allegations in the second sentence of paragraph 9 of the Amended Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Amended Complaint, and therefore, such allegations are denied.

## STATEMENT OF FACTS

10. As to the introductory paragraph of the "Facts" section of the Amended Complaint, Defendants deny the allegations in the first sentence. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in the second sentence, and therefore, such allegations are denied. Defendants deny the allegations in the third through fourteenth sentences.

11. Defendants admit the allegations contained in first sentence of paragraph 10 of the Amended Complaint. Defendants deny the allegations in the remainder of the paragraph.

12. Defendants deny the allegations in paragraph 11 of the Amended Complaint.

13. Defendants deny the allegations in paragraph 12 of the Amended Complaint.

14. Defendants admit the allegation in paragraph 13 of the Amended Complaint that Plaintiff was seen by Steven Alexander on September 17, 2008. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint, and therefore, such allegations are denied.

15. Defendants deny the allegations in the first three sentences of paragraph 14 of the Amended Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Amended Complaint, and therefore, such allegations are denied.

16. Defendants deny the allegations in paragraph 15 of the Amended Complaint.

17. Defendants deny the allegations in paragraph 16 of the Amended Complaint.

18. Defendants deny the allegations in paragraph 17 of the Amended Complaint.

19. As for the allegations in paragraph 18 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the type of surgery performed on Plaintiff or regarding Plaintiff's liability for medical expenses. Defendants deny the remaining allegations in paragraph 18 of the Amended Complaint.

20. Defendants deny the allegations in paragraph 19 of the Amended Complaint.

21. Defendants deny the allegations in paragraph 20 of the Amended Complaint.

22. Defendants deny the allegations in paragraph 21 of the Amended Complaint.

23. Defendants deny the allegations in paragraph 22 of the Amended Complaint.

24. Defendants deny the allegations in paragraph 23 of the Amended Complaint.

25. Defendants deny the allegations in paragraph 24 of the Amended Complaint.

## LEGAL CAUSES OF CLAIMS

First Clause (sic) of Action: Medical Care

26. Defendants deny the allegations in the paragraph of the Amended Complaint titled "First Clause (sic) of Action: Medical Care."

Second Clause (sic) of Action: American with Disabilities Act

27. Defendants deny the allegations in the paragraph of the Amended Complaint titled "Second Clause (sic) of Action: Americans with Disabilities Act."

Third Clause (sic) of Action: Fourteenth Amendment

28. Defendants deny the allegations in the paragraph of the Amended Complaint titled "Third Clause (sic) of Action: Fourteenth Amendment."

## RELIEF

Defendants deny that Plaintiff is entitled to the relief sought in the "Relief" section of the Amended Complaint.

## II. AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim for which relief can be granted.

2. Any award of exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and similar provisions of the Texas Constitution. Furthermore, the imposition of such exemplary damages constitutes an excessive fine under the Eighth Amendment and violates the due process clause of the Fourth and Fourteenth Amendments. Defendants plead that any claims made by Plaintiff for exemplary damages should be stricken as unconstitutional and any award for exemplary damages should be set aside for the reasons stated above.

3. Plaintiff's claims brought forth herein against Defendants are being brought in bad faith

and/or for the purposes of harassment, and the court should award sanctions, including payment of attorneys' fees pursuant to Federal Rule of Civil Procedure 11.

4.   Plaintiff's claims against Defendants are barred by qualified immunity. The actions of which Plaintiff complains were taken in good faith in the discharge of Defendants' duties and responsibilities.

5.   Plaintiff's claims should be dismissed based on 42 U.S.C. §1997(e)(c) and 28 U.S.C. §1915(e).

6.   Plaintiff's claim against Defendants is barred by Tex. Civ. Prac. & Rem. C. §101.106.

### III. CONDITIONS PRECEDENT

Plaintiff has not performed all conditions precedent that he was required to perform before filing suit. Specifically:

A.   Plaintiff did not exhaust all administrative remedies; and

B.   Plaintiff did not provide the requisite notice under Tex. Civ. Prac. & Rem. C. §74.051.

Wherefore, Defendants pray the Court dismiss this action, and for any and all necessary and proper relief to which Defendants may show themselves justly entitled.

Respectfully Submitted,

/s/Michael Shaunessy
MICHAEL SHAUNESSY
State Bar No. 18134550
SHERI R. HUNTER
State Bar No. 24002840

**SEDGWICK, DETERT, MORAN & ARNOLD LLP**
919 Congress, Suite 1250
Austin, Texas 78701
Telephone: (512) 481-8400
Facsimile: (512) 481-8444
E-mail: michael.shaunessy@sdma.com
E-mail: sheri.hunter@sdma.com

**ATTORNEYS FOR DEFENDANTS NATHAN GARRETT AND DONNIE STEWART**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joseph Loiacono II
Wilson Grosenheider Jacobs Basinger & Loiacono, L.L.P.
P.O. Box 1584
Austin, TX 78767-1584
joeloiacono@wgmj.com
**Attorneys for P.A. Steven Alexander**

And by first class mail to:

Wayne Manemann
Jester 3 Unit
3 Jester Road
Richmond, TX  77406
**Plaintiff, Pro Se**

    /s/ Sheri R. Hunter
    Sheri R. Hunter