IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2011 AUG -8 PM 12: 07

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____ 𝒪 _____
                    DEPUTY

WAYNE MANEMANN #1587365,
                              Plaintiff,

-vs-                                                    Case No.  A-10-CA-601-SS

NATHAN  GARRETT,  Sheriff;  LLANO
COUNTY, TEXAS; and DONNIE STEWART,
Llano Co. Jail Administrator,
                              Defendants.

---

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Wayne Manemann's amended complaint [#19], Defendants Garrett and Stewart's Motion for Summary Judgment [#23], Defendant Llano County's Joinder in the Motion for Summary Judgment [#40], Plaintiff's responses to the Motion for Summary Judgment [#34, 42], Defendants' Reply [#46], Plaintiff's Response to Defendant's Objections and Motion to Strike, contained in Defendants' Response [#54], Plaintiff's Motion to Deem Request Admitted [#43], Defendants' Response to Plaintiff's Motion to Deem Request Admitted [#48], Plaintiff's Motion for an Order [#57], and Defendants' Response to Plaintiff's Motion for Order [#59]. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

All matters in this case were referred to the Honorable Robert Pitman, United States Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended,

effective December 1, 2002.  On June 17, 2011, the Magistrate Judge held a hearing on the motion

for summary judgment.  On June 21, 2011, the Magistrate Judge issued his report and

recommendation that Defendants' Motion for Summary Judgment be granted.  Manemann filed

objections to the Magistrate Judge's report and recommendation, and thus the Court reviews the

report and recommendation *de novo*.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de

novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made.").  Having reviewed the complaint, the motions and

responses, the arguments at the hearing, the report and recommendation, Manemann's objections,

the applicable law, and the case file as a whole, the Court ACCEPTS the Magistrate Judge's report

and recommendation that Defendants' motion for summary judgment for failure to exhaust remedies

should be granted.

## Background

At the time he filed his amended civil rights complaint, Plaintiff was incarcerated in the

Jester Unit of the Texas Department of Criminal Justice—Correctional Institutions Division.

Plaintiff complains of his previous confinement in the Llano County Jail. According to Plaintiff, on

July 4, 2008, Plaintiff was incarcerated in the Llano County Jail. As part of the intake process,

Plaintiff's property, including his boots, were taken from him. Plaintiff asserts "he has one leg 3½

inches shorter than the other with a rigid foot" and is unable to walk without his "build-up boots."

On July 7, 2008, Plaintiff allegedly informed Donnie Stewart, Llano County Jail Administrator, he

cannot walk without the special boots. Stewart allegedly assured Plaintiff he would get the boots.

Plaintiff asserts he talked to Stewart weekly about his need for his special boots, but Stewart never

provided Plaintiff with his boots. As a result, Plaintiff asserts his feet became sore and swelled.

-2-

On September 17, 2008 and October 16, 2008, Plaintiff was seen by Steven Alexander, P.A. for medical treatment. According to Plaintiff, Alexander indicated he would refer Plaintiff to Dr. Krause. Plaintiff asserts he told Alexander he had no money or insurance, and Alexander "said no more." Plaintiff was never seen by Dr. Krause.

While confined at the jail, Plaintiff was classified as a trustee and assigned to the kitchen as a cook. Plaintiff maintains he had to hop wherever he went, causing constant pain and suffering, which Plaintiff contends could have been remedied by the return of his boots. According to Plaintiff, other inmates were allowed to work in their own personal footwear.

On Friday, December 5, 2008, Plaintiff allegedly told Stewart he could not continue to work due to his leg. According to Plaintiff, the leg had redness up to the knee and was swollen twice the size of his other leg. Stewart allegedly told Plaintiff, if his condition continued, he would take him to the doctor on Monday. Plaintiff allegedly asked a deputy for help later in the evening and was taken to the emergency room. The following day, Plaintiff was released from custody on a personal recognizance bond. On December 27, 2008, Plaintiff's foot and leg were removed due to the infection.

Plaintiff sues Nathan Garrett, Sheriff of Llano County; Llano County, Texas; and Donnie Stewart, Llano County Jail Administrator. He seeks compensatory damages in the amount of $500,000, an unspecified amount of compensatory damages against Defendants Stewart and Garrett for deliberate indifference to serious medical needs, and an unspecified amount of punitive damages against Defendants Stewart and Garrett.

Plaintiff claims:

1. [Garrett] failed to comply with the ADA by ignoring, failing to, or refusing to supervise Stewart's policies, practices and customs in working disabled inmates without reasonable accommodations that were requested; by not having written policies giving notice of rights to disabled persons who have movement-restricted disabilities; by failing to train all deputies and jail personnel;

2. [Garrett] by failing to have alternative methods of transportation for movement-restricted disabled inmates that he knew, or should have known, who would be subjected to the policies, practices, and customs of taking movement-restricted aids from disabled inmates without any alternative other than normal footwear that was obviously inadequate to those disabled inmates including Plaintiff, that created unsafe living and working conditions for those disabled, without a rational basis for doing so;

3. Garrett and Stewart knew or should have known that they were punishing a trustee inmate whom they knew or should have known with a movement restricted disability should not have been forced to work or live in an environment that inflicted pain and suffering unnecessarily while performing work in inadequate footwear, due to their policy of taking all footwear of normal or disabled inmates without having adequate policies and procedures to insure the health and safety of movement-restricted inmates confined in [the] Llano County Jail;

4. Garrett and Stewart maintain a county jail [that] was not in compliance with federal law, and in which attempted to force movement-restricted disabled persons to fit into normal mode of similarly situated inmates. They failed to maintain adequate cells and living areas so movement-restricted disabled inmates could function normally or safely. They failed to maintain crutches or wheelchairs for movement-restricted disabled inmates whom they deprived of personal aids necessary to maintain safe and normal movement. They did not provide notice to disabled inmates of their rights, and an adequate grievance procedure to process their complaints of failure to accommodate upon requested aids;

5. Garrett and Stewart failed to insure adequate access to movement-restricted disabled inmates in the work environment that was safe and would not cause harm to the trustees, including [Plaintiff]. Garrett and Stewart forced [Plaintiff] to perform work beyond his obvious physical disability and it was causally related to his permanent injuries (e.g., loss of limb); and

6. Garrett and Stewart, by policies, rules, procedures, customs, and practices, failed to provide [Plaintiff] with adequate footwear while in jail while allowing adequate footwear to similarly situated inmates (normal).

*See* Pl. Am. Compl. [#19].

Plaintiff additionally claims Stewart was deliberately indifferent to his serious medical needs; Stewart, Garrett and Llano County discriminated against him due to his disability by refusing his "build-up" boots or reasonable alternatives; and Stewart, Garrett, and Llano County denied him equal protection of the laws by denying him adequate footwear while non-disabled inmates were provided safe footwear.

Defendants move for summary judgment. They argue Plaintiff failed to exhaust his administrative remedies. Defendants further argue there is no evidence of any custom or practice of Llano County that caused injury to Plaintiff. Defendants Garrett and Stewart also assert their entitlement to qualified immunity.

On June 17, 2011, the Court held an evidentiary hearing in this case with regard to the exhaustion issue. Testimony was received by Plaintiff Wayne Manemann #1587365, Offender David Lawless #655717, and Offender Rupert Byron Fowlkes #1634748, all of whom had previously been confined in the Llano County Jail.

## Analysis

### I.    Summary Judgment Standard

Summary judgment may be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In deciding summary judgment, the Court construes all facts and inferences in the light most favorable to the nonmoving party. *Richter v. Merchs. Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996). The standard for determining whether to grant summary judgment "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the

nonmoving party based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990).

Both parties bear burdens of production in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party has the initial burden of showing there is no genuine issue of any material fact and judgment should be entered as a matter of law. FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The nonmoving party must then come forward with competent evidentiary materials establishing a genuine fact issue for trial, and may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256–57; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the non-movant's burden. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

## II.    Exhaustion

Plaintiff is required under § 1997e(a) to exhaust administrative remedies before filing suit. *See* 28 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Proper exhaustion is required, meaning that the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89-95 (2006). Because exhaustion is an affirmative defense, Defendants, the parties moving for summary judgment, have the burden to demonstrate Plaintiff failed to exhaust available administrative remedies and are required to establish "beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment" in their favor. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). However, in *Dillon*,

the Fifth Circuit joined the Seventh, Ninth, and Eleventh Circuits and held factual disputes

concerning exhaustion may be resolved by judges. *Id.* at 271.

> The Llano County Jail Inmate Rules and Procedures provide:
>
> The object of the grievance plan is to provide inmates the opportunity and procedure
> to file a grievance. The grievance shall be filed, in the form of a written statement
> promptly following the incident, sealed in an unstamped envelope or forwarded
> through the regular mail collection system to the designated Grievance Board. The
> grievance shall provide details in writing on the right or privilege allegedly violated,
> persons involved, witness[es], times and dates and other pertinent details within
> sixty- (60) days of the grievance. A written response from the grievance officer shall
> be submitted to the inmate in writing within fifteen (15) [days] to include findings
> and actions taken by the Grievance Officer. In cases of emergency grievances where
> delay could subject the inmate to personal injury or other damages, the Jail
> Administrator, Chief Deputy, or Sheriff, shall be immediately notified and action
> shall be taken to prevent personal injury and/or other damage. The inmate will be
> safeguarded against any reprisals in the resolutions of a grievance. Inmate may
> request a hearing before the Grievance officer if finding and action taken by the
> board is disputed. If the decision made by the Grievance board or the inmate disputes
> the Grievance review board he may appeal to the Sheriff. The Sheriff will review the
> grievance and a written statement will be given to the inmate on the Sheriff's
> decision. The Sheriff's decision is final. If the grievance is substantiated, the
> grievance board shall reinstate lost privileges and may add to, additional privileges.
> Only the Sheriff, Chief Deputy or Chief Jailer will release any information on a
> grievance case.

Def. Ex. A-1. The rule book further provides, "Inmates may request medical or dental service on a

request form. When a request for medical or dental is submitted to the jailer on duty, this request will

be given to the Jail Administrator." *Id.*

Viewing the evidence in the light most favorable to Plaintiff, the summary judgment evidence

and the testimony presented at the evidentiary hearing reveal no genuine issue of material fact on the

issue of whether Plaintiff completed the required steps of the Llano County Jail grievance procedure.

During the hearing, Plaintiff admitted he submitted no grievances or medical requests during his

confinement at the Llano County Jail. Defendants also presented summary judgment evidence that

-7-

Plaintiff did not submit any grievances or medical requests during his confinement. *See id.*

Plaintiff declares under penalty of perjury and testified at the hearing that he has never seen a written set of rules for the jail. *See* Pl. Resp. Ex. 1-A. He attests he has never been given a copy of the Llano County Jail's rule book. *Id.* Plaintiff argued at the hearing that the grievance procedures contained in the rule book are a sham, are only used to protect the jail officials, and are never used. Plaintiff concludes there were no administrative remedies available to him. He also argues Defendants failed to show the grievance system would have been available after he was released on bond.

Plaintiff admits he signed the Llano County Admission Form, which states "I Wayne Manemann have been given a copy of the inmate rules to read. I know that it is my responsibility to read and to follow all rules set out in the handbook. I am aware that I may view the rule book on request." *Id.* at Ex. 5-E; Def. Ex. A-2. At the hearing, Plaintiff admitted he signed the one-page form but stated he did not write his name in the section referring to the rule book. Plaintiff explains he signed his name at the bottom of the form where he acknowledged he received a spork, cup, and blankets. In addition, Plaintiff testified that he did not read the form he signed and was not allowed to keep a copy of the form to read later. Plaintiff further testified that he was not prevented from reading the form but was perhaps incapacitated due to drugs and alcohol consumption.

David Lawless testified he could not recall whether he was given the one-page form to sign and stated he was not given any property during his confinement in the holding tank. Lawless stated he was not aware of a grievance procedure at the Llano County Jail, he did not receive a copy of the jail's rule book, and the grievance procedures were not posted in the jail. Lawless explains

grievances or medical requests were handled verbally at the Llano County Jail. Lawless admitted in other county jails, such as Fort Bend County and Bastrop County, inmates are usually given a rule book. He further admitted filing written complaints or grievances was not unusual in the other county jails.

Rupert Byron Fowlkes also testified that he could not recall whether he was given the one-page form to sign regarding the receipt of property. He denies any rules were explained to him when he was received into the Llano County Jail and attests he was unaware of the rules and regulations of the jail. He testified he was not provided a copy of the rule book for the Llano County Jail. He further testified he had never heard of any detainees filing grievances during their confinement at the Llano County Jail but also indicated he was not aware if detainees were generally unhappy at the jail because he was housed in a solo cell. Fowlkes testified he was provided his prescription medication during his confinement at the Llano County Jail but never had to request medical treatment.

The Court finds Plaintiff's testimony, along with the testimony of Offender Lawless and Offender Fowlkes, to the extent that Plaintiff, Lawless, and Fowlkes were not provided copies of the jail's rule book and were not informed of the grievance procedures or medical treatment request procedures at the Llano County Jail. Although counsel for Defendants attempted to rely upon the affidavit of Defendant Stewart to prove otherwise, Stewart did not appear at the hearing; thus, the Court cannot judge his credibility. Unfortunately for Plaintiff, however, PLRA's exhaustion requirement is an unforgiving one. Even if he was unaware of the grievance procedures, Plaintiff is not excused him from complying with them in order to exhaust his administrative remedies.

Dealing with a claim similar to Plaintiff's, the Seventh Circuit found "[a] prisoner's lack of awareness of a grievance procedure . . . does not excuse compliance." *Twitty v. McCoskey*, 226 Fed.

Appx. 594, 596 (7th Cir. 2007) (unpublished). Likewise, the Sixth Circuit has rejected an inmate's argument that exhaustion was unavailable to him because he was unaware of the system. *Brock v. Kenton County*, 93 Fed. Appx. 793 (6th Cir. 2004) (unpublished). The Tenth Circuit ruled similarly. *Gonzales-Liranza v. Naranjo*, 76 Fed. Appx. 270 (10th Cir. 2003) (unpublished) (rejecting prisoner's claim that he was unaware of procedures and thus could not utilize them). The Tenth Circuit reasoned: "[t]hus, even accepting plaintiff's allegation that he was unaware of the grievance procedures, there is no authority for waiving or excusing compliance with PLRA's exhaustion requirement." *Id.* at 273. In that case, the prisoner claimed he had not been informed how to file a grievance or given an inmate handbook describing the procedure, but he did not claim the correctional facility did anything to frustrate or prevent him from utilizing the grievance procedures. *Id.* at 273. The Eighth Circuit has been equally clear: "[s]ection 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

The Fifth Circuit has recognized the importance of ensuring that inmates have avenues for discovering the procedural rules governing their grievances. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010) (citing *Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir. 2003) (per curiam) (premising ruling that remedies were available on prisoner's knowledge of grievance procedures); *Ferrington v. La. Dep't of Corrs.*, 315 F.3d 529, 532 (5th Cir.2002) (per curiam) (premising ruling that remedies were available on fact that prisoner "was well aware of the general procedural requirements described in the inmate handbook")). However, the court has also held ignorance of the exhaustion requirement does not excuse a plaintiff's failure to exhaust. *Gonzalez v. Crawford*,

-10-

No. 10-20398, 2011 WL 1057577 at *1 (5th Cir. 2011) (unpublished) (citing *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), indicating the same rigid standard applies for failure to exhaust as for the statute of limitations in AEDPA).

Plaintiff does not allege and did not testify that he requested to review the rule book, but was denied or that jail officials misled him about the grievance procedure. While the Court is highly sympathetic to Plaintiff's circumstances, there is no suggestion or evidence in this case of any affirmative misconduct on the part of jail officials that prevented Plaintiff from learning about and pursuing the grievance procedure. Although Plaintiff testified the grievance system was on paper only, was a sham, and was not used, there is no evidence Plaintiff ever attempted to avail himself of the formal written grievance system and was denied, or that a written grievance would have been ignored by jail officials. Plaintiff admits no one told him he should not file a grievance and he was not refused paper and a pen. Moreover, and important in the Court's ultimate decision, Plaintiff admitted at the hearing he had been previously confined on multiple occasions in county jails in Llano County, Travis County, Harris County and Williamson County. With the exception of Llano County, Plaintiff admitted standard procedures during intake at county jails include going over the rules and regulations of the jail and being provided a copy of the jail's rule book or having the rule book made available in the inmate's cell. Plaintiff admitted the process included receiving information regarding the grievance procedures at the jail. Further, Plaintiff testified he filed grievances while confined in other jails and was aware of the appeals process.

The Court thus finds a grievance system and a request for medical treatment procedure were available at the Llano County Jail, at least in theory,[1] which Plaintiff did not pursue. The Court

---

[1] A theory which cannot be shown false since Plaintiff never attempted to follow the grievance policy.

further finds Plaintiff lacked knowledge of the grievance system or the request for medical treatment procedure. However, this is not sufficient to excuse the exhaustion requirement. Plaintiff was not without responsibility to request and review the jail's rule book or inquire into whether a grievance system existed. In light of Plaintiff's previous experiences in other county jails and the fact Plaintiff admitted to using various county jail's grievance procedures, it was unreasonable for Plaintiff to not attempt to file a written grievance or inquire into whether a formal grievance procedure or request for medical treatment procedure existed during his confinement in the Llano County Jail. In short, the Court cannot find the grievance procedure was a sham when Plaintiff never actually sought to use it.

In his objections, Plaintiff points to *Montgomery v. Johnson*, No. 7:05cv00131, 2006 WL 2403305 at *11 (W.D. Va. Aug. 18, 2006). There the Court found administrative remedies were unavailable because Defendants prevented Montgomery from access to the appropriate forms, or access to his assigned counselor who could have provided the forms. *Id.* In other words, unlike in this case, there Montgomery contended defendants thwarted his efforts to submit a grievance in a timely manner. *Id.* at *1. Plaintiff makes no claim that he did not have access to forms or that he was thwarted from complying with the grievance policy.

Instead, in this case, Plaintiff began requesting and complaining about his boot almost immediately after his incarceration in the Llano County Jail on July 4, 2008. When Plaintiff's boots were not returned, he should have attempted to file a grievance. He did not. Accordingly, Plaintiff failed to exhaust his administrative remedies with regard to all of his claims concerning the failure to provide him with his special boot. Although the result is distasteful, Plaintiff failed to even attempt, let alone finish, the administrative review process with regard to those claims. Thus,

-12-

Defendants' summary judgment motion is granted with regard to exhaustion of administrative remedies relating to Plaintiff's claims about the special boot.

However, as correctly noted by Plaintiff, Defendants fail to show the grievance system was still available to Plaintiff after he was released on bond on December 6, 2008. In *Allard v. Anderson*, a jail inmate was subjected to unsanitary living conditions and exposed to sewage and pesticides, but he did not file any grievances at the jail. *Allard v. Anderson*, 260 Fed. Appx. 711, 712 (5th Cir. 2007). After his transfer out of the jail, he discovered he had contracted hepatitis C and had thyroid problems. *Id.* The Fifth Circuit held because the inmate learned of his injury when he was no longer at the jail, he had no available remedies to exhaust with respect to his hepatitis and thyroid problems. *Id.* at 714. However, the Fifth Circuit upheld the dismissal of Allard's claims related to unsanitary conditions, because Allard was aware of those conditions while housed at the jail and could have used the grievance process during his confinement. *Id.* at 714.

The only claim remaining in this case is for inadequate medical care against Defendant Stewart. Plaintiff alleges Stewart refused to seek medical care for Plaintiff on December 5, 2008. Defendants provide the Court with no evidence indicating Plaintiff could have filed a grievance regarding this incident after he was released on bond the following day. The grievance procedure for the jail provides "inmates" an opportunity to file a grievance. Once Plaintiff was released on bond, he was no longer an "inmate." See Pl. Resp. Ex. 5-E; Def. Ex. A-1. Accordingly, Defendants are not entitled to summary judgment regarding the Plaintiff's alleged failure to exhaust available administrative remedies with respect to his claim against Defendant Stewart for inadequate medical care. Thus, the Court will address those claims below.

-13-

### III.    Medical Care

To succeed in this § 1983 action regarding inadequate medical care, Plaintiff must establish Defendant Stewart was deliberately indifferent to his serious medical condition, "an extremely high standard to meet." *Domino v. Tex. Dept of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *see also Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("[A] prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety . . . ."). A delay in medical care is a constitutional violation only if it is due to deliberate indifference and the delay results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Negligence and medical malpractice do not give rise to a § 1983 cause of action, and an inmate's disagreement with his medical treatment does not establish a constitutional violation. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

According to Plaintiff, Defendant Stewart on Friday, December 5, 2008, indicated he would take Plaintiff to the doctor on Monday if his condition continued. Plaintiff admits he was taken to the hospital several hours later by a different jailer when his condition worsened. Plaintiff does not allege that if he were treated eight hours earlier his leg could have been saved. In other words, he does not allege the delay caused the harm, much less does he show that it caused harm substantially greater than would have occurred had he been taken to a doctor eight hours earlier. Accordingly, Defendant Stewart is entitled to summary judgment with respect to Plaintiff's claims relating to his medical care on December 5, 2008.

### Conclusion

In his objections, Plaintiff reiterates his request for appointed counsel. The Court would note that Plaintiff more than capably represented himself in this case, making numerous cogent legal

points and making a final decision by this Court very difficult. However, to summarize, Plaintiff

failed to exhaust his administrative remedies with regard to all of his claims concerning the failure

to provide him with his special boot. Plaintiff's remaining claim, alleging Defendant Stewart was

deliberately indifferent to Plaintiff's serious medical condition, cannot withstand summary judgment

due to the extremely high standard for proving such a claim. Thus, in accordance with the foregoing:

IT IS ORDERED that the Report and Recommendation of the Magistrate Judge [#73]
is ACCEPTED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [#23]
is GRANTED.

IT IS FINALLY ORDERED that all other pending motions are DISMISSED AS
MOOT.

SIGNED this the _____ day of August 2011.


SAM SPARKS
UNITED STATES DISTRICT JUDGE