United States District Court
Western District Of Texas
Austin Division

Wayne Manemann, §
    Plaintiff §
§
v §  Civil Action No. **1-10-CA-601-SS**
§
Nathan Garrett, et.al., §
    Defendant's §

AMENDMENT TO CONFORM TO THE EVIDENCE

TO THE HONORABLE JUDGE ROBERT PITMAN:

Comes now, Wayne Manemann, Plaintiff **In pro se**, and files this **AMENDMENT TO CONFORM TO THE EVIDENCE** pursuant to Rule 15(b), Federal Rules Civil Procedure. (FRCP)

### Relevant Facts

1. Plaintiff filed Plaintiff's First Complaint For Damages August of 2010. Plaintiff filed his Amended Complaint September 28, 2010.

2. Plaintiff filed this civil action in pro se and has no legal training or education.

3. The evidence reviewed during the course of this suit shows that there are two (2) additional causes for this civil action that are not shown in the amended complaint and as such are not being considered as part of this civil action suit at this time. These issues clamor for attention in their presence and their importance in this suit. These causes are:

    A. The loss of plaintiff's right leg on or about 12-27-08.

    B. The denial of plaintiff's schelduled medical appointment on 10-23-08 by defendant Stewart. Plaintiff was made aware of this denial during the process of this suit.

4. The plaintiff's leg was amputated after his release from Llano Jail but was the result of his treatment in Llano Jail.

5. Plaintiff maintains it was always his intention to introduce as a cause in this civil action suit the loss of his leg. Plaintiff's First Complaint For Damages lists as a cause (Loss of leg, and physical pain and suffering) (See para. 1)

6. Plaintiff failed to list as a cause in his Amended Complaint the loss of his leg, physical pain and suffering.

7. In Rule 15(b), FRCP, it states that "...the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby..." and "Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment;".

8. Plaintiff had no idea of the specifics of the law and due to his lack of knowledge of legal requirements he failed to properly amend his complaint.

9. In Rule 15(c)(2) FRCP, it states "the claim or defence asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading". In plaintiff's original pleading he listed as cause for this suit the loss of leg, physical pain and suffering.

### Summary

If this court is to decide this suit on the merits, and not on ability of plaintiff to bring it, it must consider in its decision the issues brought forward in this amendment. Plaintiff's belief that the Amended Complaint would combine with his First Complaint and as such would become one should not be the bases on which this suit is brought to a judgment.

Plaintiff prays this court **GRANT** this Amendment To Conform To The Evidence and include in this civil action suit as cause the loss of plaintiff's leg, physical pain and suffering, and the denial of his scheduled medical appointment on October 23, 2008.

Respectfully Submitted,

*Wayne Manemann*

Wayne Manemann, Plaintiff, In pro se

### Certificate Of Service

I, Wayne Manemann, certify a true and correct copy of the foregoing AMENDMENT TO CONFORM TO THE EVIDENCE has been placed in a postage pre-paid envelope and addressed to defendant's attorney at:

> Sheri Hunter
> Attorney at Law
> 919 Congress  Ste. 1250
> Austin Tx. 78701

and placed in the out-going mail on August 22, 2011.

*Wayne Manemann*

Wayne Manemann, Plaintiff

Wayne Manemann #1587365
Jester 3 Unit TDCJ
3 Jester Rd.
Richmond Tx. 77406

HOUSTON TX
23 AUG 2011

RECEIVED
AUG 25 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

U.S. Courthouse
Clerk Of The Court
200 West 8th St.   Room 130
Austin Tx. 78701